663 P.2d 300

ALLIED INVESTMENTS, INC., an Idaho Corporation, Plaintiff-Appellant,

v.

Dorothy Delores DUNN, Steve Dunn, Dee Ann Dunn, Cindy Dunn, Timothy Dunn, Kathy Dunn Magnuson, Sean Magnuson, Jeffery Magnuson and Title and Trust Company, Defendants-Respondents.

No. 13947.

Supreme Court of Idaho.

May 4, 1983.

William J. Hines, of Imhoff & Lynch, Chartered, Boise, for plaintiff-appellant.

Harold L. Ryan, of Ryan, Sweet & Masingill, Weiser, for defendants-respondents.

DONALDSON, Chief Justice.

The two parties, Allied Investments, Inc. and the Dunns, recorded a deed of trust on February 22, 1979. The plaintiff, Allied Investments, Inc., failed to make payments in May and June of 1980 and on June 16, 1980, the defendants, the Dunns, filed a notice of default. At trial the court found that on October 9, 1980, Mr. Westmark, an officer of Allied Investments, Inc., called counsel for the defendants and stated that he was in a position to tender payment subject to knowing the amount of attorney fees. Counsel for the defendants advised Mr. Westmark that they were accelerating the note and wanted the entire balance. This conversation took place on the 115th day following the notice of default and Mr. Westmark stated in an affidavit that he knew the 115-day period to cure had ended but he was unable to collect the entire balance requested by the defendants so he contacted an attorney. The attorney called counsel for the defendants and stated that following I.C. § 45–1506[1] the plaintiff was

1. I.C. § 45–1506 reads as follows:
    "MANNER OF FORECLOSURE—NOTICE—SALE.—(1) A trust deed may be foreclosed in the manner provided in this section.
    . . . .
    "(12) Whenever all or a portion of any obligation secured by a deed of trust which has become due by reason of a default of any part of that obligation, a beneficiary in accordance with the terms of the deed of trust, the grantor or his successor in interest in the trust property or any part thereof, or any beneficiary under a subordinate deed of trust or any person having

a subordinate lien or encumbrance of record thereon, at any time within one hundred fifteen (115) days of the record of the notice of default under such deed of trust, if the power of sale therein is to be exercised, or otherwise at any time prior to the entry of a decree of foreclosure, may pay to the beneficiary or their successors in interest, respectively, the entire amount then due under the terms of the deed of trust and the obligation secured thereby (including costs and expenses actually incurred in enforcing the terms of such obligation and trustee's fee actually incurred, not exceeding

required to pay only the arrearages that led to the default notice. The defendants then agreed to give the plaintiff until October 17, 1980, to cure the default. However, on October 16, 1980, counsel for the plaintiff advised the defendants' attorney that after October 9, 1980, Mr. Westmark had spent the money he had intended to tender to the defendants in payment of other pressing debts and counsel for the plaintiff requested a further extension. Counsel for the defendants refused the request. The plaintiff then brought this action seeking a declaratory judgment and a temporary injunction. The district court denied the injunction and this appeal followed. The plaintiff obtained an injunction pending appeal.

■ The district court found, "that no actual 'tender' was made on October 9, 1980, nor has any such 'tender' been made to this date." Quoting 74 Am.Jur.2d, Tender § 7, 549–550, this Court in *Pollard Oil Co. v. Christensen,* 103 Idaho 110, 116, 645 P.2d 344, 350 (1982), defined a valid tender:

" 'A mere offer to pay does not constitute a valid tender, the law requires that the tenderer have the money present and ready, and produce and actually offer it to the other party. Tender implies the physical act of offering the money or thing to be tendered, but this cannot rest in implication alone. The law requires an actual, present, physical offer; it is not satisfied by a mere spoken offer to pay,

$50.00 in case of sale under a deed of trust and attorney's fees as may be provided in the promissory note) other than such portion of the principal as would not then be due had no default occurred, and thereby cure the default theretofore existing, ·and thereupon, all proceedings theretofore had or instituted shall be dismissed or discountinued and the obligation and deed of trust shall be reinstated and shall be and remain in force and effect, the same as if no acceleration had occurred."

**2.** I.C. § 45–1506(2):

"(2) Subsequent to recording notice of default as hereinbefore provided, and at least 120 days before the day fixed by the trustee for the trustee's sale, notice of such sale shall be given by registered or certified mail to the last known address of the following persons or their legal representatives, if any:

which, although indicative of present possession of the money and intention to produce it, is unaccompanied by any visible manifestation of intention to make the offer good.' "

There is no evidence in the record that there was an actual production or delivery of the money. We agree with the trial court that if the plaintiff had produced the money and the defendant had refused to accept this ·amount, an injunction would have been in order. However, the record indicates that the plaintiff's offer was not coupled with a present ability to do the act. Therefore, we affirm the denial of the request for injunctive relief.

■ The plaintiff argues that a tender is not required when its futility is shown. This Court has stated that an "offer and a refusal is futility enough." *Loomis v. Imperial Motors, Inc.,* 88 Idaho 74, 77, 396 P.2d 467, 468 (1964) *quoted in Owens v. Idaho First National Bank,* 103 Idaho 465, 649 P.2d 1221 (Ct.App.1982). The defendants' statement that the entire balance was due is not sufficient to constitute a refusal, thus excusing the plaintiff from making a valid tender.

On appeal the plaintiff also claims that if the trial court's decision is affirmed, the defendants must reinstitute the foreclosure proceedings pursuant to I.C. § 45–1506 and send a notice of sale 120 days before the date fixed by the trustee.[2] In their reply brief the defendants agree. Therefore, we

"(a) The grantor in the trust deed and any person requesting notice of record as hereinafter provided.

"(b) Any successor in interest of the grantor where his interest appears of record, or where the trustee or the beneficiary has actual notice of such interest or where the successor in interest is in possession of the property.

"(c) Any lessee or other person in possession of or occupying the property.

"(d) Any person having a lien or interest subsequent to the interest of the trustee in the trust deed where such lien or interest appears of record or where the trustee or the beneficiary has actual notice of such lien or . interest."

affirm with directions that notice of the sale be given pursuant to I.C. § 45–1506.

Costs to respondents.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.